**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL J. SANDERSON, JR.,**

        **Plaintiff,**

v.

                                 **9:14-CV-0439 (BKS/DJS)**

**KEVIN GALLETTA,** *County Jail Deputy; Oswego
County Correctional Facility, et al,*

        **Defendants.**
_____

**Appearances:**

**Michael J. Sanderson, Jr.**
13-B-1248
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871
Plaintiff, pro se

**Frank W. Miller, Esq.**
**Richard J. Graham, Esq.**
The Law Firm of Frank W. Miller
6575 Kirkville Road
East Syracuse, NY 13057
Attorneys for Defendants

**Hon. Brenda K. Sannes, U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff pro se Michael Sanderson, Jr. brought this action against defendants Kevin

Galletta, Christy Bunce and Sgt. Bennett under 42 U.S.C. § 1983 alleging that defendants used

1

excessive force against him and denied his requests for medical attention while he was incarcerated at the Oswego County Correctional Facility. Dkt. No. 1. Defendants filed a motion for summary judgment on April 27, 2015, seeking dismissal of the complaint based upon plaintiff's failure to exhaust his administrative remedies. Dkt. No. 50. Plaintiff filed a response to the motion on June 3, 2015 (Dkt. No. 57) and Defendants filed a reply on June 30, 2015 (Dkt. No. 59).

The motion was referred to United States Magistrate Judge Daniel J. Stewart who, on April 8, 2016, issued a Report-Recommendation and Order recommending that defendants' motion for summary judgment be denied. Dkt. No. 69. Magistrate Judge Stewart concluded that there is "an issue of fact and credibility as it pertains to Plaintiff's efforts to grieve this matter." *Id.* at pp. 8-9. While Plaintiff alleges having filed two grievances and having written letters which went unanswered, Plaintiff failed to provide the Court with copies of the grievances or letters, and the Oswego facility has no record of Plaintiff's grievances. *Id.* at pp. 6-8. Magistrate Judge Stewart concluded that if the facts are "as Plaintiff presents them, then it seem[s] that Plaintiff's administrative remedies were indeed unavailable to him and therefore his failure to exhaust should be excused." *Id.* at p. 9. On the other hand, "if it is determined that" Plaintiff did not file the grievances he alleges having filed, "then the affirmative defense would stand and should result in dismissal of this action." *Id.* at p. 9. Magistrate Judge Stewart recommended that a hearing be set to determine whether Plaintiff's administrative remedies were available to him. *Id.*

On April 18, 2016, Plaintiff filed a document captioned "Answer to Dkt. No. 68."[1] Dkt. No. 70. On April 20, 2016, Defendants responded to plaintiff's filing. Dkt. No. 71.

## II. Discussion

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

Neither of the parties has raised any objection to Magistrate Judge Stewart's Report-Recommendation. In the "Answer" Plaintiff filed following the Report-Recommendation, Plaintiff argues that his administrative remedies were unavailable to him, that his failure to exhaust should be excused and asks the Court to grant "the hearing or trial" to prove the alleged constitutional violations. (Dkt. No. 70). Defendants ask the Court to ignore Plaintiff's "Answer," since Magistrate Judge Stewart recommended ruling in Plaintiff's favor. Dkt. No. 71. Defendants ask for thirty days' notice of any hearing scheduled in accord with the Report-Recommendation. (*Id.*)

Having received no objection, the Court reviews the Report-Recommendation for clear error and finds none.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 69) is

---

[1] Dkt. No. 68 is a notice of change of address; plaintiff's "answer" appears to address the Report-Recommendation, which is Dkt. No. 69.

**ADOPTED** in all respects; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 50) is **DENIED** at this time and it is further

**ORDERED** that the Court will appoint counsel for the Plaintiff for an evidentiary hearing to be scheduled after counsel is appointed; and it is further

**ORDERED** that the parties shall file: a witness list, an exhibit list, and a copy of any exhibits to be offered at the hearing seven days before the hearing date; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED**.

Dated: May 3, 2016

Brenda K. Sannes
U.S. District Judge